FILED
January 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003194617

1  Michael D. Vanlochem, SBN 110068
   VANLOCHEM & ASSOCIATES LLP
2  6565 Sunset Blvd., Suite 422
   Hollywood, CA 90028
3  Tel. (323)993-0500
   Fax (323)993-0501
4  Attorneys for Movant,
   WELLS FARGO STRATEGIC AUTO INVESTMENTS
5  INC.

6

7                    UNITED STATES BANKRUPTCY COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9                            MODESTO DIVISION

10

11 | In the matter of                    | CASE NO. 10-94501
12 | HECTOR BUSTILLOS and BERTHA         | R.S. NO.: VC - 1
   | BUSTILLOS
13 |                                     | CHAPTER 7
   |        Debtor(s).
14 |                                     | DECLARATION OF KINDA TURNER

15 | WELLS FARGO STRATEGIC AUTO          | DATE:   February 9, 2011
   | INVESTMENTS INC.,                   | TIME:   10:00 a.m.
16 |                                     | CTRM:   4
17 |        Movant,

18 |        vs.

19 | HECTOR BUSTILLOS and BERTHA
   | BUSTILLOS, DEBTOR(S); GARY
20 | FARRAR, Chapter 7 Trustee,

21 |        Respondents.

22

23

24

25

26

27

28
                    EXHIBIT LIST FOR MOTION FOR RELIEF FROM STAY

## DECLARATION OF KINDA TURNER

I, Kinda Turner, declare and say as follows:

2.  I am over 18 years of age and am employed by or on behalf of WELLS FARGO STRATEGIC AUTO INVESTMENTS INC., ("WF"). I have responsibility for collecting obligations due Movant under Account Number XXXXXXXXXXX1001 regarding Debtor(s) Hector Bustillos and Bertha Bustillos who purchased the vehicle which is the subject of this motion, and whose account is maintained by Movant. I am also one of the custodians of the business records of Movant pertaining to that account and from personally working with those records know that they were prepared in the ordinary course of Movant's business at or near the time of each event recorded therein by a person with personal knowledge of the event and a duty to accurately record the event. I know the following facts are true of my own knowledge or from knowledge gained from Movant's business records.

2.  Attached hereto as Exhibit "1", and incorporated herein by this reference, is a true and correct copy of the contract ("Contract") pursuant to which Debtor(s) purchased the therein described 2003 Cadillac CTS, Vehicle Identification No 1G6DM57N230166127, from Movant's assignor, and agreed to perform all of the terms and conditions thereof, including the timely payment of all amounts falling due thereunder to Movant as holder thereof. Attached hereto as Exhibit "2", and incorporated herein by this reference is a true and correct copy of the Certificate of Title evidencing movant's ownership of said motor vehicle.

3.  The Contract is in default in that debtor(s) failed to pay the monthly payment due and owing on 8/27/2010, in the sum of $335.72, and each of the payments falling due thereafter. Pending return and liquidation of the vehicle, the sum of $9,382.40 is currently due, owing and unpaid on account of the Contract.

4.  The base wholesale and retail values of the motor vehicle listed in the

-4-

Kelley Blue Book Auto Market Report (November 2010), a publication generally accepted by and used in the motor vehicle industry to value motor vehicles of this kind, are $6,225.00 wholesale and $10,650.00 retail. A copy of the relevant page of that publication showing those values is attached hereto as Exhibit "3" and incorporated herein by this reference. The wholesale value represents the maximum amount movant can reasonably expect to recover upon liquidation of its interest in the vehicle, but only if the vehicle is in good physical and mechanical condition, reasonable wear and tear excepted, and has not been subjected to excessive use.

5. The motor vehicle in question is a rapidly depreciating asset. WF does not have and has not been offered adequate protection for its interest in the vehicle.

6. If WF is not permitted to foreclose its interest in the vehicle, it will be damaged by, among other things, depreciation; risk of loss or destruction of the vehicle; and ongoing costs and attorney's fees in attempting to preserve its rights throughout the duration of this Bankruptcy case.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and that this declaration was executed on November 24, 2010, at Dallas, TX

_____
KINDA TURNER

-5-

MOTION FOR RELIEF FROM AUTOMATIC STAY AND DECLARATION IN SUPPORT THEREOF